[Civ. No. 2209. First Appellate District.—September 20, 1917.]

LOTTIE R. LOMBARDI, Appellant, v. I. M. KALLOCH et al., Copartners, etc., Respondents.

MONEY HAD AND RECEIVED—SETTLEMENT OF DIVORCE ACTION—NATURE OF TRANSACTION — CONFLICT OF EVIDENCE — APPEAL.—Where in an action to recover a sum of money retained by plaintiff's counsel in making a settlement of a divorce suit the evidence was sharply conflicting as to the understanding of the transaction by the plaintiff, the finding of the lower court will not be disturbed on appeal.

APPEAL from a judgment of the Superior Court of Alameda County. J. J. Trabucco, Judge Presiding.

The facts are stated in the opinion of the court.

R. B. Tappan, for Appellant.

Street & Street, for Respondents.

THE COURT.—The plaintiff, Lottie R. Lombardi, brought suit against the defendants, I. M. Kalloch and Francis Fox, copartners and attorneys at law, to recover the sum of one thousand dollars, which it was contended they had retained from her in making a settlement of a suit for divorce between herself and her husband, said attorneys at that time being her counsel in the conduct of that suit. The defense presented by the defendants was that the settlement had been made with her full knowledge and concurrence, and that she was fully informed at the time the settlement was made that one of the conditions of the settlement of the property rights of the contending parties was that one thousand dollars of the money which she was to receive as a part of that settlement was to be paid to her attorneys as their counsel fee for representing her in the entire matter, and that she had at the time of that settlement, and with full knowledge as to what its terms were and as to what her counsel were to receive out of the settlement, signed an agreement in which it had been expressly stated that their fees, to be retained by them out of the money she was to receive, were to be the sum of one thousand dollars.

The only point presented in the case is the conflict in the evidence as to her understanding of the matter at the time the settlement was made.   There is a sharp conflict in the evidence upon that point, plaintiff testifying that she did not fully understand that her counsel were retaining this amount out of the money which she was then about to receive; and, on the other hand, the defendants both testifying, and being supported by other witnesses, that she did so fully understand the transaction, and that there was no misrepresentation or concealment or fraud or abuse in any way of the confidential relation existing between her and them in the making of that settlement and in the receipt by them of the amount of money for which she now sues.   The lower court resolved that conflict in favor of the defendants, and under the well-settled rule we will not interfere with the finding of the lower court upon such a state of the evidence.   It follows that the judgment will be affirmed, and it is so ordered.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 19, 1917.